## OZARK LAND Co. *v.* LEONARD and others.

*(Circuit Court, E. D. Arkansas.	April 20, 1885.)*

1. DECREE BY DEFAULT—NOT SET ASIDE, WHEN.
   When a demurrer to the bill has been overruled, and, a final decree is after-
   wards regularly rendered by default for want of an answer, the decree will not
   be set aside without a satisfactory showing that the defendant has a meritorious
   defense.

2. INCONSISTENT DEFENSES IN EQUITY—EFFECT OF.
   It is a rule in equity that where a defendant sets up by his answer under oath
   two inconsistent defenses, the result will be to deprive him of the benefit of
   either; and this rule applies to an answer under oath read as an affidavit of
   merits, on a motion to set aside a decree rendered by default, and the decree will
   not be set aside where the affidavit sets up two flatly inconsistent defenses, as,
   for example, where one defense relied on is a tax title, in the defendant, to the
   lands, and the other is that the lands are and always have been the property of
   the United States.

In Equity.	On motion to set aside a decree rendered by default,
and permit defendants to answer.

*John B. Jones,* for plaintiff.

*T. W. Brown* and *O. P. Lyles,* for defendants.

CALDWELL, J.	The object of this suit is to quiet the title of the
lands described in the bill.	The bill alleges the plaintiff is the owner
in fee of the lands, which are chiefly valuable for the timber upon
them; that they are wild and unoccupied; and that the defendants
set up a claim to the same based on an alleged tax title, which is
void, and are trespassing on the same by cutting and carrying away
the timber.	The bill was filed December 14, 1883.	The defendant
Leonard was not found in this district, and an order was made on
the fifth of February, 1884, that he be served in Tennessee, the state
of his residence, with a copy of the order requiring him "to appear
to the action, and plead, answer, or demur, on the first Monday in
March, 1884."	This order was served on that defendant on the sev-
enth of February, 1884.	The defendants Allen and McRae were
served with subpœna on the eighth of February, 1884.	A demurrer
to the bill was filed April 2, 1884, which, after argument, was over-
ruled July 14, 1884.	The demurrer raised questions which were de-
cided in the case of *Lamb* v. *Farrell,* 21 FED. REP. 5, and in the opin-
ion filed in this case, and reported in 20 FED. REP. 881.	It was the
duty of the defendants, under rule. 34, to answer the bill the next suc-
ceeding rule-day after the demurrer was overruled, which would have
been the first Monday in August.	No answer was filed on that day,
though the defendants had notice that the plaintiffs required the an-
swer to be filed under the rule.	The defendants continuing in de-
fault, on the sixth of October, 1884, a decree *pro confesso* was taken
against them.	Notice of the decree *pro confesso* was given to defend-
ants' counsel, and no motion to set aside the same, or for leave to
plead, having been made, on the seventh of November a final decree,

upon satisfactory proofs, was rendered. On the twenty-seventh of December following, a motion and affidavits were filed to set aside the decree, and to permit the defendants to answer, and an answer was then tendered. At the suggestion of defendants, final action on this motion was continued from time to time; and on the twenty-fifth of March, 1885, the defendants tendered for filing, in case the decree was vacated, an amended answer. The motion to set aside the decree must be overruled for several reasons:

1. The decree was properly taken after the defendants had been in default for a long time. The default was the result of negligence. The timber on the lands in controversy constituted its chief value. The defendants continued to cut and remove timber from the lands after the decree, and before they had ever moved to set it aside. They continued to trespass upon the land until proceeded against for contempt. Their only pretense of title to the land is deraigned through a sale for taxes, which is void, and there is much in the history of the case to justify the suspicion that the defendants were not ignorant of the weakness of their title, and that they were merely using it to make a show and pretense of title, while they stripped the land of its timber, and that they were not anxious to bring the merits of their title to the test of a judicial examination.

2. There are no merits in the proposed answers. The state acquired the lands from the United States under the swamp-land act. It is conceded that if the lands did not pass to the state under that act, that they are still the property of the United States. One of the proposed defenses is that the state procured the title from the United States by fraudulently representing that the lands were swamp and overflowed lands, when they were not so, and that the lands are still the property of the United States. It will be time enough to go into an inquiry on that subject when the United States, or some one claiming by or through the United States, raises the question. If this defense is true the defendants have no title, for their only pretense of claim is a tax title, which confessedly is void, if the lands belong to the United States. The proofs and exhibits submitted with the bill prove conclusively that the tax sale under which the defendants claim is void. It is void for an excessive levy, and because the requisite notice of delinquency and sale was not given, and for other reasons. The answer tendered is evasive and unsatisfactory on this point, and fails to show validity or merit in the defendants' title. The amended answer tendered to be filed sets up *some proceedings had in the circuit court of Clay county, under the overdue tax law, which have not the slightest bearing on the case. The decree in the overdue tax case, chiefly relied on, is a nullity. It was rendered the same day the bill was filed, without the notice prescribed by the statute, and without notice to any one. The plaintiff was not a party, had no notice, and did not appear to the action, and for these reasons would not be bound by the decree if it were otherwise regular. The other decree

exhibited adjudges the tax sales invalid. If the tax sales are void, the 'defendants have no title, and it is not perceived how their case is strengthened by a decree to that effect. If that decree could have any bearing in the case, it would itself be fatal to the defendants' claim.

3. The answers tendered set up defenses inconsistent with each other, viz.: (1) That defendants acquired title through a sale of the lands for taxes; and (2) that the lands are and always have been the property of the United States. If they were the property of the United States they were not subject to taxation. "A defendant cannot insist upon two defenses which are inconsistent with each other, or are the consequence of inconsistent facts. * * * From the cases of *Jesus College* v. *Gibbs* [1 Younge & C. 145, 160] and *Leech* v. *Bailey*, [6 Price, 504,] above referred to, it is to be collected that where a defendant sets up by his answer two inconsistent defenses, the result will be to deprive him of the benefit of either, and to entitle the plaintiff to a decree." 1 Daniell, Ch. Pl. & Pr. 713. There may be some doubt whether this rule should now obtain, in all its strictness, where the answer is not under oath. In the practice in the courts of this and many other states, under the Code, it does not prevail; but the practice in equity cases, in this court, is regulated by the equity rules and the English chancery practice and not by the Code. The answer and amended answer tendered in the case at bar are under oath. They are tendered as showing merits, and as a basis for setting aside a final decree, duly rendered upon an *ex parte* hearing on a bill previously taken as confessed for want of an answer. The showing made in such case should be free from all deceit and double-dealing, and when the answer, which for the purposes of this motion is to be treated as an affidavit of merits, sets up two defenses, one of which must undoubtedly be false, the defendant discredits himself by his own pleading, and the answer should avail him nothing as an affidavit of merits or otherwise. The demurrer to the bill was overruled after full argument and consideration. *Ozark Land Co.* v. *Leonard*, 20 FED. REP. 881; *Lamb* v. *Farrell*, 21 FED. REP. 5.

Having been fully heard on the law of the case, and having failed to answer within the time required by the rules, and the affidavits of merits not being satisfactory, the motion of the defendants to vacate the decree, and for leave to answer, is overruled.