# LINARES

*v.*

# BIANCHI.

San Juan, Equity, No. 989.

RE AMENDMENT OF SWORN ANSWER.

Sworn Answer—Amendment.

> Under its power to allow amendment in the furtherance of justice, the court will allow a sworn answer to be amended where it is shown that the facts of the case were not fully known at the time of the original answer, and reliance of the defendant upon the interpreter for facts is alleged.

Opinion filed December 1, 1917.

*Messrs. Alvarez Neva & Dominguez* for plaintiffs.

*Messrs. Jose de Diego & C. Coll y Cuchi* for defendants.

HAMILTON, Judge, delivered the following opinion:

The bill in this case was filed March 9, 1917, and answer was filed June 25. The case has been set and unset more than once, different motions made, and some testimony taken. On November 12 a motion was made by defendants for leave to amend answer, the proposed amended answer being submitted with the motion and on its face purporting to be an amended answer; that is to say, the answer in the case, superseding

that previously made.   The allowance of the amended answer is opposed.

The original answer, drawn by an attorney not now in the case, denies the allegations of the bill, and alleges as a defense that the facts were that if defendants should require plaintiff Linares to guarantee their proposed loan from the Royal Bank of Canada in New York for $370,000, then the defendant would convey to Linares a 10 per cent interest in the Central Coloso, one half the 10 per cent going to Luzunaris; but in point of fact these negotiations fell through and the security of Linares was not used.   The amended answer now proposed sets up as a defense that defendant Bianchi does not speak English, and Luzunaris, acting as interpreter, took advantage of this fact fraudulently to make Bianchi believe that it was necessary to have the proposed $370,000 loan guaranteed by plaintiff Linares, while in point of fact this was not necessary and in point of fact was not carried out, the bank making the arrangement without the intervention of Linares in any way. That the purchase of the central failed at that time and the proposed 10 per cent interest was never earned in any way. Both the original answer and the proposed amended answer are under oath.

The new equity rule No. 19 provides:  "The court may at any time, in furtherance of justice upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading.   The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights

Linares v. Bianchi.

of the parties." [226 U. S. 6, 57 L. ed. 1638, 33 Sup. Ct. Rep. xxiii.

It is stated in Simkins, Fed. Eq. Suit, 457, that, unless oath is waived to the answer, an amendment will not ordinarily be permitted when it is rendered necessary by the negligence, inattention, or indifference of the defendant, and it must appear that the amendment is material and probable.

If the proposed facts were known to the defendants when the answer was filed, the court should hesitate to permit the litigant to experiment with its discretion. Ritchie v. McMullen, 25 C. C. A. 50, 47 U. S. App. 470, 79 Fed. 522. So, also, that an amendment with allegations conflicting with those in the original answer cannot be permitted, for both cannot be true. Ozark Land Co. v. Leonard, 24 Fed. 660. It is not clear that these principles apply to the application at bar. The motion for amendment states that the facts were not fully known. This leaves something to be desired as an allegation of pleading, but seems fairly to substantiate the statement on the argument that the present facts were unknown to the defendants.

This may well be if the other allegations of the answer in regard to acting through an interpreter be proved.

On the whole it seems best to allow the amendment, but to tax the defendant with all court costs up to the present, inasmuch as there is no showing of diligence in discovering the facts now sought to be set up.

The amendment, therefore, will be allowed upon the payment within ten days of all court costs in this case up to the present, to be forthwith taxed by the clerk.

It is so ordered.